This was an action of ejectment for a tract of land lying in the county of Maury.
At the appearance term the defendant appeared and pleaded not guilty; whereupon, "on motion of the defendant by his attorney, and it appearing to the satisfaction of the Court that the plaintiff and defendant are citizens of the same State, to wit: the State of Tennessee, and that the matter in dispute exceeds the value of five hundred dollars exclusive of costs; and it also appearing to the Court by affidavit, and from the production of an exemplified copy of the grant, that the defendant claims the land in controversy and will rely on a title under a grant from the State of North Carolina, and the plaintiff having informed the Court that he claims title to the land under a grant from the State of Tennessee, on motion of the defendant he having tendered bond and security agreeably to the provisions of the act of Congress, it is ordered by the Court that the cause be removed for trial to the next term of the Circuit Court of the United States, to be holden for the seventh circuit in the district of West Tennessee."
To reverse this opinion of the Circuit Court Kendrick prosecuted a writ of error.
Whiteside, for the defendant, urged that as the plaintiff and defendant derived their title to the land in controversy under grants from different States, the case came expressly within the provisions of the Constitution and the act of Congress. 1 Swift's L. U. S. 56. As the defendant holds under a grant from North Carolina, he ought to be permitted to have his claim investigated before a court not presumed to be liable to be influenced by the consideration of local feelings and policy. *Page 481 
He did not consider that this was a case in which a writ of error would lie. It is no such judgment as is contemplated by our acts of Assembly, — it is merely an order. The Federal Court if the cause for removing the suit is not sufficient, may refuse to take cognizance of it; and that is the mode of relief which the party ought to seek.
Haywood, for the plaintiff, argued e contra, that the main object of the act of Congress was to apply to cases where disputes arose as to the title of a piece of land where the sovereignty of the soil was claimed by two different States; and that at all events it could only apply to cases where the States by whom the respective titles were made were wholly disconnected from each other and not standing in the relation that Tennessee does to North Carolina in respect to land titles.
Mr. Haywood was proceeding to show that a writ of error would lie, but upon that point he was stopped by the Court.
The plaintiff brought an action of ejectment in the Circuit Court of Maury. At the trial term the parties appeared by their attorneys, and it appearing to the satisfaction of the Court that the plaintiff and defendant were citizens of the same State and that the matter in dispute exceeded the value of five hundred dollars, exclusive of costs, and it also appearing that the defendant claimed the land in controversy under a grant from the State of North Carolina, it was thereupon ordered, upon its being ascertained that the plaintiff claimed under a grant from the State of Tennessee, that the cause be removed for trial to the Federal Circuit Court.
The plaintiff in the court below, being dissatisfied with the decision removing the cause, appealed therefrom to this Court.
This proceeding is bottomed on the Constitution of the United States and the twelfth section of the judiciary Act of 1789, ch. 20. It has been insisted that this is not a question proper for the determination *Page 482 
of this Court but for the Federal Court. Points of jurisdiction are always delicate, and particularly so in relation to the Federal Court. But it is no less the duty of courts to discuss and decide questions of this kind than any other which may be brought properly before them. Perhaps it may be considered more so, as courts in a particular manner are considered as the guardians of their own jurisdiction.
We do not, therefore, consider it necessary to give any opinion with respect to the propriety or impropriety of the removal of the cause from the Circuit Court of Maury County into the Federal Circuit Court. If the case be such a one as by law ought not to be removed, application for redress ought to be made to the Court to which it is removed to remand it back to the State Court for trial. We have not the power to interfere. We believe, however, that the judgment given by the Circuit Court is one to which, in ordinary cases, a writ of errer would lie, and of which we could take cognizance were it not for the considerations before alleged.